Martha **STERNBERGER, individually and as representative of all gas royalty owners and overriding gas royalty owners to whom defendants have made or should make payment of certain royalties and interest thereon, Plaintiffs,**

v.

**TXO PRODUCTION CORP., Defendant.**

Civ. A. No. 91–1059–T.

United States District Court,
D. Kansas.

Aug. 9, 1991.

Robert W. Christensen, Hampton, Hampton, Christensen, Johnston & Eisenhauer, Medicine Lodge, Kan., for plaintiffs.

Evan J. Olson, Robert J. Roth, Hershberger, Patterson, Jones & Roth, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on plaintiff's motion to remand. Doc. 3. This action was originally filed in the District Court of Barber County, Kansas. Defendant removed this action on the basis of diversity jurisdiction. Diversity of citizenship exists between the named plaintiff and the defendant. Plaintiff contends, however, that diversity jurisdiction is not present because the jurisdictional amount of $50,000 is not met by each of the putative class members. Rather, the jurisdictional amount may be satisfied only by the aggregation of the claims of the plaintiffs.

"Separate and distinct claims may not be aggregated to satisfy the jurisdictional re-

quirement." *Gallagher v. Continental Insurance Co.*, 502 F.2d 827, 831 (10th Cir. 1974). "Each plaintiff in a Rule 23(b)(3) class action must satisfy the jurisdictional amount, ..." *Zahn v. International Paper Co.*, 414 U.S. 291, 301, 94 S.Ct. 505, 512, 38 L.Ed.2d 511 (1973). The claims of the plaintiffs are separate and distinct. A reading of the complaint (*see* Doc. 4) reveals that plaintiff has pleaded her claim as a Rule 23(b)(3) class action. As pleaded, plaintiff's complaint alleges several of the requirements of a Rule 23(b)(3) class action, e.g., common questions of law and fact, typicality, adequacy of representation, and superiority of the class action remedy. There is no showing that the members of the putative class each satisfy the jurisdictional amount. Rather, the complaint alleges that the members of the class may have only small amounts at stake. The court concludes that it lacks subject matter jurisdiction.

28 U.S.C. § 1447 provides in pertinent part, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Pursuant to section 1447, the court must remand this case to the District Court of Barber County, from which it was removed.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion to remand to the District Court of Barber County, Kansas (Doc. 3) is hereby granted.